O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY WILLIAMS-ILUNGA, | ) | Case No. CV 12-08592 DDP (AJWx) |
| Plaintiff, | ) | **ORDER DENYING EX PARTE APPLICATION RE: RECONSIDERATION OF ORDER DISSOLVING TRO** |
| v. | ) | |
| ANDREA GONZALEZ; et al., | ) | [Dkt. No. 28] |
| Defendants. | ) | |

Presently before the court is Plaintiff's <u>Ex Parte</u> Application RE: Reconsideration of Order Dissolving TRO / Denying Issuance of Preliminary Injunction. On November 7, 2012, this court denied Plaintiff's Motion for a Preliminary Injunction. Plaintiff here applies for reconsideration of that Order for two reasons. First, she states that she did not receive notice of Defendants' opposition to her Motion for Preliminary Injunction until the morning of the hearing. Second, she asserts that she did not have the opportunity to consider Defendants' documents in support of their opposition.

<u>Ex parte</u> relief is generally disfavored when relief may be had

through a regularly noticed motion. It will be granted only upon an adequate showing of good cause or irreparable injury to the party seeking relief. <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F.Supp. 488, 492 (C.D. Cal. 1995). At the hearing on Plaintiff's Motion for a Preliminary Injunction, Plaintiff had ample opportunity to present her arguments in support of the Preliminary Injunction, and the court gave them due consideration but declined to issue an injunction. The court does not find that Plaintiff was prejudiced by her limited opportunity to consider Defendants' Opposition to the Preliminary Injunction; the court agrees with Defendants that their Opposition should not be construed as a motion to dissolve a temporary restraining order and that therefore the notice requirement of Federal Rule of Civil Procedure 65 is inapplicable.

Because Plaintiff's Motion for a Preliminary Injunction had a full and fair hearing, the court finds that Plaintiff's <u>Ex Parte</u> Application does not meet the high standard for <u>ex parte</u> relief. If Plaintiff wishes the court to reconsider the denial of the Preliminary Injunction, she should file a regularly noticed motion for reconsideration, bearing in mind the requirements for such motions established by Local Rule 7-18.

For these reasons, the <u>Ex Parte</u> Application is DENIED.

IT IS SO ORDERED.

Dated: November 30, 2012

DEAN D. PREGERSON
United States District Judge

2